446 So.2d 208 (1984)
Thomas WRIGHT, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 82-1945, 83-863.
District Court of Appeal of Florida, Third District.
February 28, 1984.
*209 Bennett H. Brummer, Public Defender, and Paul Morris, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
SCHWARTZ, Chief Judge.
Before us for joint consideration are an appeal, case no. 82-1945, from Wright's convictions of manslaughter and the possession of a firearm in the commission of that felony and another, case no. 83-863, from an order denying his Fla.R.Crim.P. 3.850 motion to vacate those convictions on the ground of ineffectiveness of trial counsel.[1] We find error in the latter ruling.
Wright was informed against for firearm possession and second degree murder in the shooting death of his former girlfriend's step brother and present companion. He claimed self-defense. After the state rested, Wright took the stand in his own behalf. The final colloquy in his direct examination as conducted by the assistant public defender  which forms the basis of the finding of ineffectiveness  was as follows:
Q Have you ever been convicted of a crime?
A Yes.
Q How many times?
A Five times.
While a deliberate preemption of the prosecutor's projected cross-examination concerning the defendant's prior convictions is ordinarily a well-justified tactical decision, this was decidedly not the case here. This is because, as counsel belatedly discovered and revealed after the jury had retired, all of Wright's five convictions were for misdemeanors which did not involve dishonesty or a false statement and were thus totally inadmissible[2] for impeachment purposes or otherwise. Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982). The clear terms of Section 90.610(1), Fla. Stat. (1981), so provide:
A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment... .
We conclude that defense counsel's action in placing this evidence before the jury established her ineffectiveness and entitles Wright to relief under the controlling authority of Knight v. State, 394 So.2d 997 *210 (Fla. 1981). Hopkins v. State, 413 So.2d 443 (Fla. 3d DCA 1983). It is first plain that the specifically identified "overt act" of introducing the plainly harmful testimony was "a serious and substantial deficiency measurably below that of competent counsel," Knight, 394 So.2d at 1001, who are presumed and required to know of the provisions of the Florida Statutes on a vital issue like this. Chapman v. State, 442 So.2d 1024, 1026 (Fla. 5th DCA 1983), and cases cited; Hopkins v. State, supra.
Furthermore, considering (a) the extremely prejudicial nature of this type of evidence, Roman v. State, 438 So.2d 487 (Fla. 3d DCA 1983); Cummings v. State, supra; Vazquez v. State, 405 So.2d 177 (Fla. 3d DCA 1981), approved in part, quashed in part, 419 So.2d 1088 (Fla. 1982); (b) the strong and effective emphasis placed upon it by the state attorney in attacking the defendant's credibility in final argument; and (c) the closeness of the self-defense question,[3] we conclude that "there is a likelihood that the deficient conduct affected the outcome of the court proceedings." Knight, 394 So.2d at 1001.[4]
In accordance with these views, the order denying Rule 3.850 relief is reversed; the judgment under review in case no. 82-1945 is vacated, and the cause remanded with directions to grant the defendant a new trial.
Vacated, reversed.
NOTES
[1] The Rule 3.850 proceeding was conducted in the trial court while the plenary appeal was pending here pursuant to our express relinquishment of jurisdiction for that purpose. See State v. Meneses, 392 So.2d 905 (Fla. 1981).
[2] The Florida law prior to the Evidence Code did permit impeachment by showing a prior conviction of either a felony or misdemeanor. Sec. 90.08, Fla. Stat. (1965); Hendrick v. Strazzula, 135 So.2d 1 (Fla. 1961).
[3] Even with the offending evidence before it, the jury found Wright guilty only of the lesser-included offense of manslaughter.
[4] When counsel informed the court of the true nature of the convictions, the jury's deliberations had already begun. It was thereupon recalled and told to disregard that evidence. Especially in the light of the point in the trial when they were given, it is obvious that these instructions could not serve to unring the bell and cure the error. Malcolm v. State, 415 So.2d 891, 892, n. 1 (Fla. 3d DCA 1982) (instructions to disregard evidence of prior criminal activity "of legendary ineffectiveness"). The state thus fell far short of meeting the burden of "showing beyond a reasonable doubt that there was no prejudice in fact," Knight, 394 So.2d at 1001, resulting from the actions of counsel.