627 So.2d 57 (1993)
James Allen ROESCH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03086.
District Court of Appeal of Florida, Second District.
November 17, 1993.
*58 PER CURIAM.
James Roesch appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
The motion raises numerous grounds, but we find potential merit in only one. Roesch alleges that he provided his trial attorney with the names of witnesses who would testify he was in St. Augustine at the time these offenses occurred in Lakeland.[1] If this is true, and counsel had no valid reason for failing to contact or call the witnesses, it is possible that Roesch received ineffective assistance. See, e.g., Majewski v. State, 487 So.2d 32 (Fla. 1st DCA 1986).
The circuit court directed the state to respond to Roesch's motion. They asserted that two witnesses could place Roesch at the scene of the crime in Polk County. However, for reasons not specified in the response, these witnesses were not immediately available for trial. Defense counsel, aware of the state's predicament, was thereby motivated to seek speedy trial discharge; Roesch had been in custody over 175 days, and the effect of granting the motion under Florida Rule of Criminal Procedure 3.191(p) would be to force the state to trial within ten days of the discharge hearing.[2] At the time he made this tactical decision, counsel had not yet completed his own investigation, including interviewing potential witnesses in St. Augustine. Roesch preferred a speedy trial to the delay that additional investigation would cause.
Although this may be a plausible explanation for counsel's decision, it is not supported by the exhibits attached to the circuit court's order. Accordingly, we must reverse for further proceedings on this one issue. After remand the trial court should re-examine the record in this case to see if anything therein conclusively demonstrates that Roesch freely chose the strategy that was followed in this case after being adequately informed of the risks and benefits.[3] If so, the court may again deny the motion, attaching to its order whatever exhibits it has relied upon. Otherwise, an evidentiary hearing may be necessary.
With the exception of the one issue discussed in this opinion, the circuit court properly denied Roesch's motion and its order is in all other respects affirmed.
Affirmed in part; reversed in part and remanded with instructions.
CAMPBELL, A.C.J., THREADGILL and PATTERSON, JJ., concur.
NOTES
[1] From the record it appears the state's case against Roesch was based largely on circumstantial evidence. It was alleged that Roesch burglarized both the home and the automobile of the victims, and that he stole the automobile and other personal property. The automobile was recovered after an accident in St. John's County; there was a codefendant involved, upon whom Roesch places the blame for these offenses.
[2] In a separate claim of ineffective assistance, Roesch complains that counsel mishandled the speedy trial issue. While the failure to observe a client's speedy trial rights can in some instances constitute ineffective assistance; King v. State, 485 So.2d 877 (Fla. 2d DCA 1986); we find no merit in this portion of Roesch's motion.
[3] Tactical decisions generally are for counsel to make and will not be second-guessed unless shown to be patently unreasonable. See, e.g., Sanborn v. State, 474 So.2d 309 (Fla. 3d DCA 1985). This is not to suggest that the client should never be consulted in matters of strategy, or that the client cannot be called upon to help choose between competing avenues of defense. In the present case, the state's response suggests that counsel may have set out Roesch's options  pursuing possible defense witnesses versus forcing the state to trial without its own witnesses  and honored Roesch's preference. This is not ineffective assistance so long as counsel "investigate[d] each line [of defense] substantially before making a strategic choice about which lines to rely on at trial." Strickland v. Washington, 466 U.S. 668, 681, 104 S.Ct. 2052, 2061, 80 L.Ed.2d 674 (1984).