681 So.2d 736 (1996)
Leo Robert SCHOFIELD, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 93-02615.
District Court of Appeal of Florida, Second District.
May 29, 1996.
*737 Leo Robert Schofield, Jr., Pro Se.
Robert A. Butterworth, Attorney General, Tallahassee, and Michelle Taylor, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Leo Robert Schofield, Jr., appeals the denial of his motion for postconviction relief. After a careful review of his allegations, the trial transcript, and the hearings and evidence adduced in support of his motion, we conclude that the trial court did not err in denying postconviction relief. Accordingly, we affirm.
In 1988, a jury convicted Schofield of first-degree murder for the death of his wife, Michelle. On direct appeal, this court affirmed his conviction and sentence. Schofield v. State, 591 So.2d 634 (Fla. 2d DCA 1991) (table citation). Subsequently, Schofield filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, raising twelve grounds of ineffective assistance of trial counsel. The trial court held two hearings. The first addressed allegedly improper character evidence, raised in grounds five and six. The second hearing addressed his attorney's failure to call alibi witnesses as raised in grounds seven, eight and nine. The remaining grounds were decided without a hearing.
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), ineffective assistance of counsel claims have two components. A defendant must show: (1) that his attorney made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment, and (2) that but for the errors, the result of the trial would have been different. 466 U.S. at 687, 104 S.Ct. at 2064. In reviewing these claims, courts must apply a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and must avoid the distorting effects of hindsight. In its order denying relief, the trial court held that trial counsel's performance was not outside the scope of reasonable assistance when viewed without the distorting effects of hindsight. The record contains competent, substantial evidence to support the trial court's order. Therefore, we must affirm.
Schofield's trial counsel testified at the first evidentiary hearing. After reviewing the original trial transcript, he opined that his performance during trial had been ineffective. When questioned by the State regarding specifics, however, he characterized certain actions as trial strategy that he expected would work to Schofield's advantage. Schofield points to his trial counsel's "admission" that he was ineffective and argues that the trial court could not deny his claim in light of this testimony. As the Florida Supreme Court has stated, "an attorney's own admission that he or she was *738 ineffective is of little persuasion in these proceedings." Kelley v. State, 569 So.2d 754, 761 (Fla.1990). Accordingly, our review of the trial court's ruling focused on the totality of evidence below, and not on trial counsel's after-the-fact evaluation.
A defendant bears the burden of establishing both prongs of the Strickland test before a criminal conviction will be vacated. After reviewing the arguments and record on appeal, we must agree with the trial court's conclusion that Schofield has failed to carry his burden of proof. Accordingly, we affirm.
CAMPBELL, A.C.J., and BLUE and FULMER, JJ., concur.