PER CURIAM.
Robert Shannon Moody appeals the summary denial of his motion for posteonviction relief brought pursuant to Florida Rule of Criminal Procedure 3.800. In his properly sworn motion and memorandum, Moody alleges that he was not granted credit for time he served on probation and community control against the sentence imposed after revocation of probation and community control, citing the case of State v. Roundtree, 644 So.2d 1358 (Fla.1994). Roundtree is a situation where the court imposed a new probationary term after revocation of probation. Moody’s motion does not state whether his new sentence was probation, community control, or prison. The trial court denied Moody’s motion, without any attachments, and stated that Moody was not entitled to credit against his prison sentence for time spent on probation. It is a correct statement of the law that a defendant’s time spent on probation is not credited against a prison sentence imposed after revocation of probation. See State v. Summers, 642 So.2d 742 (Fla.1994). There, however, is no document in this court’s record which shows that Moody received a prison sentence. Accordingly, we reverse and remand this cause for the trial court either to deny again the motion and attach to its order those portions of the record which demonstrate that Moody is not entitled to relief or to conduct an eviden-tiary hearing to determine the merits of Moody’s claims.
Reversed and remanded.
DANAHY, AC.J., and FRANK and PARKER, JJ., concur.