715 So.2d 984 (1998)
STATE of Florida, Appellant,
v.
Jorge HANANIA, Appellee.
No. 97-00697.
District Court of Appeal of Florida, Second District.
June 17, 1998.
Rehearing Denied August 10, 1998.
*985 Robert A. Butterworth, Attorney General, Tallahassee, and Michele Taylor, Assistant Attorney General, Tampa, for Appellant.
Tony C. Dodds of Weeks & Dodds, P.A., Lakeland, for Appellee.
THREADGILL, Acting Chief Judge.
A jury found the appellee guilty of conspiracy to traffic in cocaine. His conviction was affirmed on direct appeal in Hanania v. State, 640 So.2d 1116 (Fla. 2d DCA 1994). He subsequently filed a motion for postconviction relief alleging, inter alia, ineffective assistance of trial counsel. After an evidentiary hearing, the trial court granted a new trial, finding that trial counsel's failure to interview certain witnesses as the possible framework for an entrapment defense constituted deficient performance. Because the record does not demonstrate that trial counsel's performance prejudiced the appellee's defense so as to deprive him of a fair trial, we reverse.
In order to demonstrate ineffective assistance of counsel, a defendant must show: (1) that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) that counsel's errors prejudiced the defense so as to deprive the defendant of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant must establish both prongs of the Strickland test before a criminal conviction will be vacated. See Schofield v. State, 681 So.2d 736 (Fla. 2d DCA 1996). A court considering such a claim must apply a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. See Id.
The first claim of ineffective assistance involves trial counsel's decision not to present an entrapment defense. Trial counsel testified at the evidentiary hearing that he had considered an entrapment defense, but he discussed it with the appellee and decided not to use it. He testified that he believed an entrapment defense would not be very effective because there was evidence that the appellee left the scene of the transaction and then called back to the scene, *986 seeking to negotiate a lower price for the cocaine. Trial counsel thought it would be a more effective defense to admit that the appellee agreed to buy a small amount of cocaine but that he did not have the intent or the means to purchase a trafficking amount. Trial counsel's decision not to use an entrapment defense was a strategy choice well within the range of professionally reasonable judgments. See 466 U.S. at 699, 104 S.Ct. 2052. The fact that the strategy was unsuccessful does not mean that representation was inadequate. See Sireci v. State, 469 So.2d 119 (Fla.1985).
Trial counsel's defense strategy is a relevant factor to be considered in evaluating the remaining claim of ineffective assistance: the decision not to call the codefendant and the confidential informant as defense witnesses. At the evidentiary hearing, trial counsel testified that he discussed with the appellee the possibility of calling these individuals as witnesses at trial but made a strategy decision not to do so. He testified that he believed the law enforcement officers' testimony would be sufficient to establish at least a conspiracy to purchase cocaine. Trial counsel did not believe the codefendant or confidential informant would lend anything to the theory of defense. Thus, he did not depose or otherwise contact these witnesses. The appellee presented the testimony of Robert L. Hoskins, III, who was tendered as an expert in felony trial work. Mr. Hoskins opined that trial counsel's failure to contact the confidential informant and the codefendant constituted deficient performance.
Although Mr. Hoskins' testimony supports the trial court's finding that trial counsel's performance was deficient, the appellee failed to meet his burden as to the second prong of the Strickland test: prejudice. There is no evidence in the record to establish what the confidential informant's and codefendant's testimony would have been. Thus, the appellee has not demonstrated a reasonable probability that the outcome would have been different absent the deficient performance. See Cherry v. State, 659 So.2d 1069 (Fla.1995). Even the appellee's expert declined to give an opinion as to whether there would have been a different result, without first knowing what the witnesses' testimony would have been.
Because the appellee failed to demonstrate both prongs of the Strickland test, we reverse the order granting a new trial, and remand for reinstatement of the judgment and sentence.
Reversed; remanded.
QUINCE, J., and McDONALD, Jr., ROBERT W., Associate Judge, concur.