WOLF, J.
Joseph Gorman argues that the trial court erred in denying his Florida Rule of Criminal Procedure 3.850 postconviction motion after an evidentiary hearing. He asserts that his trial counsel was ineffective for failing to interview a proposed medical witness prior to his trial on capital sexual battery charges. While we agree with appellant that he demonstrated that his counsel’s performance was deficient, no evidence was presented that the doctor would have been available to testify at trial or that he would have testified in a manner favorable to the defense. See State v. Hanania, 715 So.2d 984, 986 (Fla. 2d DCA)(reversing trial court order granting new trial on claim of ineffective assistance of counsel predicated on counsel’s failure to call a codefendant and confidential informant as defense witnesses because defendant had failed to present any evidence at evidentiary hearing establishing what the confidential informant’s and codefendant’s testimony would have been), rev. denied, *967 727 So.2d 905 (Fla.1998). We, therefore, affirm.
BARFIELD, C.J, and BOOTH, J., concur.