768 So.2d 480 (2000)
Cable J. RIDENOUR, III, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1726.
District Court of Appeal of Florida, Second District.
August 9, 2000.
Rehearing Denied September 14, 2000.
Shea T. Moxon, Tampa, and Jeffrey G. Brown, Palm Harbor, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Davis G. Anderson, *481 Jr., Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Cable J. Ridenour, III, appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He raises nine points on appeal. We agree that the trial court erred in denying the claim of ineffective assistance of counsel based on improper impeachment and the failure to call witnesses. Accordingly, we reverse and remand for a new trial.
In 1997, Mr. Ridenour was convicted of four counts of aggravated battery and sentenced to fifteen years in prison. On direct appeal, this court affirmed. See Ridenour v. State, 707 So.2d 1183 (Fla. 2d DCA 1998). Subsequently, Mr. Ridenour filed a timely motion for postconviction relief. The trial court summarily denied several claims. The remaining claims were denied after an evidentiary hearing. Dispositive of our holding today, we address two claims of ineffective assistance of counsel.
The convictions were based on evidence that Mr. Ridenour stabbed the four victims. According to Mr. Ridenour's testimony, he acted in self-defense. The State's evidence and defense evidence conflicted on the details of the incident. Thus, credibility of the witnesses was a critical factor for the jury. During cross-examination, the State elicited from Mr. Ridenour the fact that he had been previously convicted of a felony and argued this fact in closing. Mr. Ridenour admitted to this previous conviction based on the express advice of his attorney. But according to the evidence at the postconviction hearing, Mr. Ridenour did not have a prior felony conviction because adjudication had been withheld. The evidence further showed that Mr. Ridenour and his family told defense counsel about the withhold, but defense counsel nevertheless advised that he had to admit to a prior conviction if he was asked. Based on these facts, Mr. Ridenour alleged that defense counsel rendered ineffective assistance by allowing the State to improperly impeach his testimony with a nonexistent prior conviction. The trial court denied relief, finding no prejudice.
To obtain relief on a claim of ineffective assistance of counsel, a defendant must allege error and prejudice. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It is ineffective assistance to allow a defendant to be improperly impeached with inadmissible evidence of prior convictions. See Wright v. State, 446 So.2d 208, 209 (Fla. 3d DCA 1984) (granting postconviction relief when defense counsel elicited testimony that defendant had been previously convicted of five crimes when the convictions were only misdemeanors that did not involve dishonesty or false statement and thus were inadmissible). A defendant cannot be impeached with a "prior conviction" when adjudication was withheld. See Barber v. State, 413 So.2d 482, 484 (Fla. 2d DCA 1982). Thus, we conclude, as did the trial court below, that defense counsel erred in this matter.
To meet the prejudice prong, a defendant must show that, but for the error, there is a reasonable probability that the outcome would have been different. See Strickland, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. As in Wright, we consider the extremely prejudicial nature of this type of evidence and the closeness of the self-defense question. In light of the credibility contest between the defendant and the victims, we must conclude that Mr. Ridenour met his burden of showing a reasonable probability that the outcome would have been different. Therefore, we reverse on this issue.
As additional grounds for reversing, we find merit in Mr. Ridenour's claim that defense counsel was ineffective in failing to call certain witnesses to support his claim of self-defense. The trial court denied relief, finding that this was a matter *482 of trial tactics. According to his testimony at the postconviction hearing, the defense attorney's avowed tactic was to introduce the statements of these witnesses through inadmissible hearsay evidence. This is not the type of trial tactic or strategy which this court will accept as reasonable. See Roesch v. State, 627 So.2d 57, 58 n. 3 (Fla. 2d DCA 1993) (noting that court will not defer to patently unreasonable decisions by defense counsel that are labeled as trial tactics).
Accordingly, we reverse the denial of postconviction relief and remand for a new trial.
FULMER and STRINGER, JJ., Concur.