766 So.2d 1131 (2000)
Jose A. CABRERA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2361.
District Court of Appeal of Florida, Second District.
August 23, 2000.
*1132 Jose A. Cabrera, Pro Se.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Jose A. Cabrera appeals the denial of his motion for postconviction relief and argues that the trial court erred in denying several claims of ineffective assistance of counsel. We conclude that his defense attorney rendered ineffective assistance by failing to present a defense of entrapment. Accordingly, we reverse.
In 1996, Mr. Cabrera was charged with and convicted of trafficking in cocaine and conspiracy to traffic in cocaine. He received minimum mandatory sentences of fifteen years in prison, to run concurrently. In his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, Mr. Cabrera alleged that he received ineffective assistance of counsel based on his attorney's failure to investigate a defense of entrapment, failure to call a witness who would have corroborated *1133 Mr. Cabrera's testimony in support of this defense, and failure to request a jury instruction on entrapment. Mr. Cabrera alleged that this was the only defense available in his case, that he asked his attorney to pursue it, and that he was prejudiced by the attorney's failure to do so.
Florida recognizes both a subjective entrapment defense, codified in section 777.201, Florida Statutes (1995), and a due process entrapment defense applicable in cases of egregious police misconduct. See Munoz v. State, 629 So.2d 90 (Fla. 1993). For the subjective defense, a defendant must show, by a preponderance of the evidence, that a government agent induced him or her to commit the offense and that he or she was not predisposed to do so. See 629 So.2d at 99. The burden then shifts to the State to rebut this with evidence beyond a reasonable doubt. Id. An entrapment defense is available even though the defendant has previously been arrested for a similar crime. See Ortiz v. State, 654 So.2d 1002, 1003 (Fla. 4th DCA 1995) ("Despite [defendant's] past connection to the drug world, the jury still could have believed that [defendant] was not predisposed to commit this particular crime."). When an entrapment defense has been raised, the State is allowed to explore the defendant's criminal history when relevant to the issue of predisposition. See Munoz, 629 So.2d at 99.
Post-trial, Mr. Cabrera filed a Florida Bar complaint against his attorney. In her response, defense counsel agreed with the allegation that she "did not investigate, project or otherwise pursue a defense of entrapment" although she asserted that her decision was not due to a lack of diligence. At the postconviction evidentiary hearing, the defense attorney testified that entrapment was a legal defense that could have been raised in Mr. Cabrera's case. Although Mr. Cabrera continually urged her to raise this defense, she decided not to present it because she did not think it was viable based on a Pinellas County drug arrest and evidence of a connection between Mr. Cabrera and the confidential informant who allegedly entrapped him. The defense attorney testified that she proceeded on a "bastardized entrapment theory" without calling it that and without requesting a jury instruction on this theory. In its order denying postconviction relief on this issue, the trial court found that the tactical decision not to use the entrapment defense was made after a full investigation.
To state a claim for ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must allege deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both performance and prejudice present mixed questions of law and fact. See Stephens v. State, 748 So.2d 1028, 1033 (Fla. 1999). An appellate court must defer to a trial court's factual findings that are supported by competent substantial evidence; the legal conclusions are independently reviewed. See Stephens, 748 So.2d at 1034.
The Sixth Amendment's right to counsel exists to ensure a fair trial, and counsel's function is to make the adversarial process work in that particular case. See Downs v. State, 453 So.2d 1102, 1106-07 (Fla.1984). "The benchmark for judging claims of ineffectiveness ... is whether the conduct of counsel `so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" Downs, 453 So.2d at 1106 (quoting Strickland, 466 U.S. at 686, 104 S.Ct. 2052). An attorney's performance must be reasonable under the prevailing professional norms, considering all of the circumstances, and viewed from the attorney's perspective at the time of trial. Id. There is a strong presumption of reasonableness that must be overcome, and strategic or tactical decisions by counsel made after a thorough investigation are "virtually unchallengeable." Downs, 453 So.2d at 1108. Nevertheless, "patently unreasonable" decisions, although characterized as tactical, are not immune. See *1134 Roesch v. State, 627 So.2d 57, 58 n. 3 (Fla. 2d DCA 1993).
Although the evidence was conflicting, we accept the trial court's factual determination that the defense attorney conducted an investigation of the entrapment defense. We reject, however, the legal conclusion that the decision to forego this defense was a reasonable trial tactic when defense counsel acknowledged that it was legally available and that there was no other defense to present. See Platt v. State, 697 So.2d 989 (Fla. 4th DCA 1997) (reversing summary denial of postconviction relief; failure to request jury instruction constituted an unreasonable omission by counsel and prejudiced defendant when the error negated the only defense). Cf. State v. Hanania, 715 So.2d 984 (Fla. 2d DCA 1998) (accepting as tactical decision attorney's failure to raise entrapment defense in light of damaging facts and separate defense that was available).
A defendant must meet both parts of the test, performance and prejudice, in order to obtain postconviction relief. To establish prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Downs, 453 So.2d at 1108 (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). "The concern of the court evaluating an ineffectiveness claim should be whether the result of a particular proceeding is unreliable because of a breakdown in the adversarial process." Downs, 453 So.2d at 1108-09.
In this case, the defense attorney agreed that sufficient evidence was introduced to argue a "bastardized theory of entrapment." Regardless of her theory, the defense attorney did not request a jury instruction on the defense of entrapment. This point was emphasized in the State's closing argument, where the prosecutor told the jury:
If any of you have even thought about entrapment in this case, take it right out of your minds. You're not going to hear any law on it. The judge is not going to instruct you on it because it doesn't apply in this case. There is no defense of legal entrapment in this case.
"The failure of defense counsel to request an instruction ... has been deemed to be an `unreasonable omission which severely prejudiced his client's case' where the error complained of `negated the only defense put forth by trial counsel.'" Platt, 697 So.2d at 991 (quoting Spaziano v. State, 522 So.2d 525, 527 (Fla. 2d DCA 1988), receded from on other grounds, Tobey v. State, 533 So.2d 1198 (Fla. 2d DCA 1988) (en banc)).
The difficulty with the prejudice component in the context of an ineffective assistance claim related to the entrapment defense "stems, perhaps, from `the inherent difficulty of proving entrapment.'" Manley v. State, 605 So.2d 1327, 1328 (Fla. 2d DCA 1992) (reversing summary denial of postconviction relief on claim that counsel was inadequate in failing to establish entrapment defense) (quoting People v. Johnson, 91 A.D.2d 782, 458 N.Y.S.2d 83, 84 (1982)). Clearly there were problems with the defense based on the facts in this case. To some extent, a jury is a wild card and there is a tremendous "lack of predictability as to what a jury in a given case will do." Gonzales v. State, 691 So.2d 602, 603 (Fla. 4th DCA 1997). In the absence of another viable defense, however, we conclude that the failure to pursue the entrapment defense constituted ineffective assistance of counsel because "defense counsel, by [her] substandard performance, deprived defendant of his sole defense and the opportunity to corroborate the defense...." Stephens, 748 So.2d at 1035. Because Mr. Cabrera is entitled to relief, we reverse and remand for a new trial.
Reversed and remanded for new trial.
CASANUEVA and SALCINES, JJ., Concur.