782 So.2d 967 (2001)
Michael CHESTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-357.
District Court of Appeal of Florida, Third District.
April 11, 2001.
Bennett H. Brummer, Public Defender and Sydney P. Smith, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Barbara A. Zappi (Fort Lauderdale), Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
PER CURIAM.
In our view, the uncontradicted evidence that Chester's attorney failed to investigate, and to interview and call available witnesses in support of his entirely viable, and only defense to the robbery charge against himthat he was attempting to secure the return of a bicycle he reasonably thought had been taken from his sister, see Thomas v. State, 526 So.2d 183 (Fla. 3d DCA 1988), review denied, 536 So.2d 245 (Fla.1988); Rodriguez v. State, 396 So.2d 798 (Fla. 3d DCA 1981)established ineffective assistance of counsel as a matter of law. See Ridenour v. State, 768 So.2d 480 (Fla. 2d DCA 2000); Cabrera v. State, 766 So.2d 1131 (Fla. 2d DCA 2000). Because we also conclude that this failure satisfied the prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the order below denying 3.850 relief is reversed and the conviction in question is set aside and the cause remanded for a new trial.