796 So.2d 574 (2001)
STATE of Florida, Appellant,
v.
Freddie Lee FREEMAN, Appellee.
No. 2D00-5354.
District Court of Appeal of Florida, Second District.
September 7, 2001.
*576 Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellee.
SILBERMAN, Judge.
The State appeals from an order granting Freddie Lee Freeman's motion for postconviction relief, vacating the judgment and sentence, and ordering a new trial. We reverse because Freeman did not establish that he was prejudiced by the ineffectiveness of his trial counsel.
A privately retained attorney represented Freeman during his trial on drug charges. Freeman was convicted of the sale or delivery of cocaine and possession of cocaine. He appealed his conviction and we affirmed. Freeman v. State, 746 So.2d 453 (Fla. 2d DCA 1999) [Table Opinion]. Subsequently, Freeman filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 and argued that he was denied the effective assistance of trial counsel. After an evidentiary hearing, the trial court granted Freeman's motion without making any findings.
Various principles apply in considering the issue of ineffective assistance of counsel. A defendant must prove that trial counsel's performance was deficient and that counsel's errors prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must also show a reasonable probability that, but for trial counsel's errors, the result of the trial would have been different. Id. at 694, 104 S.Ct. 2052. In considering a claim that counsel's performance was deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052. A court's review of counsel's performance must be "highly deferential," and the "distorting effects of hindsight" must be eliminated. Id.; see also Schofield v. State, 681 So.2d 736, 737 (Fla. 2d DCA 1996).
The defendant bears the burden of proving that trial counsel's representation was unreasonable and was not a matter of sound trial strategy. Asay v. State, 769 So.2d 974, 984 (Fla.2000). Additionally, the fact that counsel's strategy was unsuccessful does not result in the conclusion that the representation was inadequate. Sireci v. State, 469 So.2d 119, 120 (Fla.1985).
Freeman argued that he was denied the effective assistance of counsel primarily on four grounds. First, he claimed that his counsel failed to assert the defense of entrapment. Although it appears from the record that Freeman's counsel may not have fully understood the defense of entrapment, the attorney testified that she *577 did not raise the defense because it did not apply to the facts of this case.
Freeman offered no evidence to support his conclusion that entrapment would have been a viable defense. Instead, he simply disputed the truth of the evidence that was presented against him. He testified at the hearing on his motion that he told his counsel several facts: he did not have drugs on him; the police did not get a pill bottle from him and did not see him put the pill bottle anywhere; the police officers did not recover marked money from him and they should have if they had been in hot pursuit of him; and the police misidentified him by mistaking him for his nephew.
Freeman did not testify that he was lured into the possession and sale of the cocaine, and he did not claim to have given his counsel information that he was lured into committing the crimes charged. See State v. Snail, 323 So.2d 626, 628 (Fla. 2d DCA 1975) (finding that in order to support a claim of entrapment, the defendant must present evidence that the State enticed or lured the defendant to commit the crime that was charged). Freeman's testimony was essentially a denial of his involvement in the crimes.
The general rule, subject to limited exceptions, is that a defendant who denies committing the crime cannot claim entrapment as a defense. See Wilson v. State, 577 So.2d 1300 (Fla.1991). The record does not support the conclusion that an exception to the rule would apply in this case. Freeman denied being a participant in the crimes and denied the truthfulness of the evidence presented against him at trial. Because he did not present facts to establish the viability of an entrapment defense, he failed to prove that counsel's decision not to use the defense was outside the range of reasonable professional assistance. See Strickland, 466 U.S. at 689, 104 S.Ct. 2052; State v. Hanania, 715 So.2d 984, 986 (Fla. 2d DCA 1998).
Second, Freeman argued that his counsel was ineffective because she failed to file a motion to suppress a pill bottle containing rock cocaine. Freeman's counsel testified that she decided not to pursue a motion to suppress because she concluded that the search was lawful, that no warrant was required, and that a motion to suppress was unnecessary.
In his motion for postconviction relief and at the hearing on the motion, Freeman asserted that his counsel was aware of his version of the events surrounding the drug transaction and arrest. He argues that his version and the version of the police officers were in conflict and that trial counsel should have filed a motion to suppress to let the trial court resolve the conflict.
Even though the legality of the arrest and search could have been considered by the trial court on a motion to suppress, Freeman does not show that he was prejudiced by counsel's failure to file such a motion. The record reflects that the officer who conducted the drug buy called in the arresting officer and gave a description of Freeman and a second person. The arresting officer had been waiting nearby and quickly arrived at the scene. Freeman ran from the officers and into a house. The officers immediately pursued him into the house, and the arresting officer observed Freeman hide something in a couch. Because the arresting officer had a reasonable belief that a felony had been committed and Freeman was identified as an individual who participated in the commission of the felony, the arresting officer properly arrested Freeman without a warrant. See § 901.15(2), Fla. Stat. (1997).
Moreover, exigent circumstances existed which allowed the officers to make a warrantless entry into the house to effect *578 Freeman's arrest and to prevent the destruction or loss of evidence. See United States v. Santana, 427 U.S. 38, 43, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); see also United States v. Standridge, 810 F.2d 1034, 1037 (11th Cir.1987). In Standridge, the court noted various factors which may indicate exigent circumstances. Two factors which apply in the present case are: probable cause to believe that the suspect committed the crime, and a likelihood that delay could cause the escape of the suspect or the destruction of essential evidence. Id.
Because his arrest had been set in motion in a public place, Freeman could not avoid arrest by retreating or escaping into a private home. Santana, 427 U.S. at 43, 96 S.Ct. 2406. As part of the search incident to that arrest, the officers properly searched the couch that Freeman was standing next to and into which he appeared to have hidden something or from which he could have grabbed a weapon. See Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Because suppression would not properly have been granted, Freeman did not establish that he was prejudiced by counsel's failure to file a motion to suppress. See Gettel v. State, 449 So.2d 413, 414 (Fla. 2d DCA 1984).
As Freeman's third point in support of his motion for postconviction relief, he claimed that the police mistook him for his nephew, Curtis, and therefore his trial counsel was ineffective because she did not argue that he was erroneously identified. As his fourth point, Freeman claimed that trial counsel improperly failed to argue that when Freeman was arrested, the police did not find on him the marked money that had been used in the drug transaction. He contends that this fact proved he was not a participant in the transaction.
The trial transcript reflects that both points were addressed by Freeman's counsel, albeit briefly, in closing argument. The record also reflects that the arresting officer knew Freeman and Curtis from previous encounters, Freeman was positively identified at the scene by the undercover officer who conducted the buy, and both Freeman and Curtis participated in the drug transaction. While a different closing argument might have better highlighted the facts of concern to Freeman, Freeman did not establish that he was prejudiced by counsel's argument.
The trial court did not explain the rationale for granting Freeman's motion for postconviction relief and made no findings of ineffectiveness of trial counsel or prejudice to Freeman as a result of counsel's performance. Although the appellate record suggests that trial counsel's performance was marginal, Freeman did not prove that he suffered prejudice arising from counsel's performance. Therefore, we reverse the order granting the motion for postconviction relief and remand with directions that the judgment and sentence be reinstated.
Reversed and remanded with directions.
FULMER, A.C.J. and GREEN, J., Concur.