807 So.2d 756 (2002)
Joseph A. DAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4306.
District Court of Appeal of Florida, Second District.
February 13, 2002.
*757 Loren D. Rhoton of Rhoton & Hayman, P.A., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
BLUE, Chief Judge.
Joseph A. Dames timely appeals the denial of his postconviction relief motion alleging ineffective assistance of counsel. In Mr. Dames' trial for first-degree murder, defense counsel relied on a theory of self-defense but failed to call the witness who could testify in support. Because defense counsel failed to render effective assistance of counsel and such failure prejudiced Mr. Dames, we reverse the denial of the postconviction relief motion, vacate the conviction, and remand for a new trial.
Mr. Dames was indicted for first-degree murder and attempted second-degree murder.[1] His only possible defense to the charge of first-degree murder was selfdefense. See Fla. Std. Jury Instr. (Crim.) 3.04(d). Mr. Dames testified in his own behalf at the first trial, which resulted in a mistrial due to a hung jury. Mr. Dames did not testify at the second trial, and without his testimony, the trial court denied his request for the self-defense instruction as there was no evidence introduced that would have supported giving the instruction to the jury. See Hoffman v. State, 708 So.2d 962 (Fla. 5th DCA 1998) (stating general rule that there must be some facts in evidence to warrant giving of particular defense instruction).
In the opening statement, defense counsel advised the jury that self-defense would be the defense. Even after the court denied the requested instruction, counsel made no effort to reopen the defense case. At the evidentiary hearing on the postconviction relief motion, counsel testified that he believed he could ultimately convince the trial judge to give the instruction. Counsel's belief was misplaced, and the instruction was not given.
To demonstrate ineffective assistance of counsel, a criminal defendant must prove both that his counsel performed deficiently and that the performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish prejudice, Mr. Dames must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Downs v. State, 453 *758 So.2d 1102, 1108 (Fla.1984) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). It is, obviously, difficult to second-guess a jury verdict. However, "[t]he concern of the court evaluating an ineffectiveness claim should be whether the result of a particular proceeding is unreliable because of a breakdown in the adversarial process." Downs, 453 So.2d at 1108-09.
Clearly the process broke down in Mr. Dames' second trial. Counsel stated a defense and then failed to introduce evidence in support of the defense. Even when faced with the denial of the self-defense instruction, counsel failed to seek to reopen the evidence. "[D]efense counsel, by his substandard performance, deprived defendant of his sole defense and the opportunity to corroborate the defense...." Cabrera v. State, 766 So.2d 1131, 1134 (Fla. 2d DCA 2000) (quoting Stephens v. State, 748 So.2d 1028, 1035 (Fla.1999)). Counsel's failure to present any evidence to support the self-defense theory promised in his opening statement was even emphasized by the State in its closing argument.
Accordingly, we reverse the denial of Mr. Dames' motion, vacate the conviction, and remand for a new trial.
GREEN and DAVIS, JJ., Concur.
NOTES
[1] The second-degree murder conviction was reversed and remanded for a new trial in Dames v. State, 700 So.2d 125 (Fla. 2d DCA 1997). On remand, Mr. Dames pleaded no contest to the lesser-included offense of aggravated battery with a firearm. The issue presented in the present appeal has no bearing on this conviction.