855 So.2d 654 (2003)
Vincent L. KENON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3675.
District Court of Appeal of Florida, First District.
August 29, 2003.
Rehearing Denied October 2, 2003.
*655 Robert Augustus Harper and Michael Robert Ufferman, of Robert Augustus Harper Law Firm, P.A., Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
Appellant Vincent L. Kenon appeals the denial of his criminal rule 3.850 motion for postconviction relief. We affirm the order of the trial court, rejecting Kenon's argument that trial counsel rendered ineffective assistance by naming, during opening statements, India Paul, an exculpatory witness on the issue of identification, and then failing to present Paul's testimony during the defense's case-in-chief.
During opening statements at Kenon's jury trial for attempted first-degree murder (count I), use of a firearm during the commission of a felony (count II), burglary of a conveyance with person assaulted (count III), and shooting into an occupied vehicle (count IV), trial defense counsel stated to the jury:
One of the witnesses that was not mentioned by [the prosecutor], but was discovered by police, was a woman by the name of India Paul. And India Paul has given a deposition that says the person that beat on the side of the passenger window was not the person who got out of the car and went and shot [the victim].
At trial, three prosecution eyewitnesses testified. Each identified Kenon as the perpetrator of a shooting. The State's evidence essentially showed that on October 29, 1994, Kenon, a driver believing he had been cut off by another vehicle, got out of his car, walked to the driver's side of the other car, and shot the other driver in the face. After a short recess, the defense rested without putting on any evidence. The jury convicted Kenon of attempted second-degree murder with a firearm on count I, and found him guilty as charged on counts II, III, and IV. The trial court imposed life imprisonment. This court reversed the conviction on count II, and affirmed the remaining counts. See Kenon v. State, 701 So.2d 887 (Fla. 1st DCA 1997).
Through his attorney, Kenon timely filed this rule 3.850 motion alleging ineffective assistance of trial counsel. At the evidentiary hearing, trial defense counsel and India Paul testified. Trial counsel testified that he interviewed and deposed Paul prior to trial. He testified that he was aware of inconsistencies in her statements to police and in her deposition before trial, and believed this was fertile ground for crossexamination. *656 Specifically, in Paul's initial statement to police, she denied any knowledge of who fired the shot. Trial counsel further testified that he decided not to call Paul after discussions with Kenon and because of his estimation of the value of rebuttal closing argument.
India Paul testified that the shooter got out of the rear passenger side door of the suspect vehicle. She disputed that her initial statement to police indicated she had not been in the area of the shooting. According to her November 1994 sworn statement to police, however, she stated she was in the area, heard gunshots, but did not see anyone with a gun. She stated that she exited her vehicle and walked towards the victim's car, but the police were already there. Then, in her December 1995 deposition, she said, consistent with her testimony at the hearing, that the shooter got out of the passenger side of the suspect vehicle, but she stated she never went up to the victim's car. When confronted with these inconsistencies, Paul was unable to offer an explanation and responded "I don't remember" and "I don't know."
The trial court denied Kenon's motion. The order recited findings that trial counsel's decision not to call Paul was a tactical legal strategy, and not grounds for a finding of ineffective assistance of counsel.
To prevail on a claim of ineffective assistance of trial counsel, Kenon must show that counsel's performance was deficient and that this deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Bruno v. State, 807 So.2d 55 (Fla.2001). Absent extraordinary circumstances, strategic or tactical decisions by trial counsel are not grounds for ineffective assistance of counsel claims. See Maharaj v. State, 778 So.2d 944 (Fla.2000); Occhicone v. State, 768 So.2d 1037 (Fla.2000); Haliburton v. Singletary, 691 So.2d 466 (Fla.1997); Rose v. State, 675 So.2d 567 (Fla.1996); Downs v. State, 453 So.2d 1102 (Fla.1984); Brookins v. State, 174 So.2d 578 (Fla. 3d DCA 1965). Where an uncalled witness could have been significantly impeached through contradictory evidence, a court will not label counsel ineffective for failing to call that witness. See Jacobs v. State, 800 So.2d 322 (Fla. 3d DCA 2001); Cooley v. State, 642 So.2d 108 (Fla. 3d DCA 1994).
Courts have found "extraordinary circumstances" in very limited situations. For instance, courts have identified such circumstances where there is no "corroborating evidence of guilt," Terrero v. State, 839 So.2d 873 (Fla. 3d DCA 2003); where the State's case is weak or entirely circumstantial and the witness' testimony would have cast doubt on the only evidence linking the defendant to the crime, Chester v. State, 782 So.2d 967 (Fla. 3d DCA 2001); Honors v. State, 752 So.2d 1234 (Fla. 2d DCA 2000); and, finally, where counsel commits a legal error during the trial which deprives the defendant of his only defense, Dames v. State, 807 So.2d 756 (Fla. 2d DCA 2002); Thomas v. State, 526 So.2d 183 (Fla. 3d DCA 1988), superseded by statute on other grounds, Thomas v. State, 584 So.2d 1022 (Fla. 1st DCA 1991).
In Dames, defense counsel advised the jury during opening statements that the defense's theory of the case would be selfdefense. See Dames, 807 So.2d at 757. The defense rested without putting on any witnesses or offering any evidence in support of this defense. See id. The trial court denied counsel's request for a selfdefense instruction and counsel failed to move to reopen the case to present evidence of self-defense. See id. The Second District held "[D]efense counsel, by his substandard performance, deprived defendant of his sole defense and the opportunity *657 to corroborate the defense" through his misplaced belief that he could convince the trial court to give the instruction, even though the defense had offered no evidence at trial on self-defense. See id. at 758 (quoting Cabrera v. State, 766 So.2d 1131, 1134 (Fla. 2d DCA 2000)). Hence, the prejudice in Dames, was not what counsel represented to the jury, but his legal error in failing to offer a predicate for a crucial jury instruction. See id.
In Chester, the court found ineffective assistance of trial counsel where counsel failed "to investigate, and to interview and call available witnesses in support of [defendant's] entirely viable, and only defense to the robbery charge against him that he was attempting to secure the return of a bicycle he reasonably thought had been taken from his sister." 782 So.2d at 967. Chester grounds its holding on a case finding legal error for counsel's failure to request an instruction on a "good faith" defense where the record supported the instruction, and a second case where a trial court failed to give an instruction, again, where the record supported the instruction. See id. (citing Thomas, 526 So.2d at 184, and Rodriguez v. State, 396 So.2d 798 (Fla. 3d DCA 1981)). In Williams v. State, the Fifth District found ineffective assistance of trial counsel where counsel completely failed to conduct any pre-trial investigation despite an abundance of exculpatory evidence that should have been presented to the jury. 507 So.2d 1122, 1124-1125 (Fla. 5th DCA 1987).
Beyond the trial court's finding of tactical legal strategy, Kenon cannot overcome the Strickland prejudice prong. See 466 U.S. at 694, 104 S.Ct. 2052. The evidence here was not tentative, weak, or circumstantial and counsel committed no legal error. Three eyewitnesses identified Kenon, at trial, as the driver of the suspect vehicle and the shooter. Unlike the cases where "extraordinary circumstances" were found, Kenon's trial counsel did not couple his representation to the jury with some legal error in deciding not to call India Paul. Counsel testified that he made a tactical decision not to call Paul to preserve rebuttal closing argument based on "the strength of the State's case and discussions with the defendant." Finally, trial counsel did not fully abandon the identity defense. During closing arguments, counsel attacked the State's witnesses identification based on inconsistencies in their testimony. We conclude counsel's decision not to call Paul could not constitute a "clear, substantial deficiency [which]... so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined." Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.1986). See also Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
AFFIRMED.
WEBSTER and POLSTON, JJ., concur.