PER CURIAM.
Damion Hayes appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the denial of four of his claims, but we reverse and remand for an evidentiary hearing on Hayes’ claim that his trial counsel was ineffective for abandoning the defense of insanity.
In 2005, a jury convicted Hayes of attempted first-degree murder with a deadly weapon and armed trespass on property. He was sentenced to life in prison. His conviction and sentence were affirmed on direct appeal. Hayes v. State, 976 So.2d 1106 (Fla. 2d DCA 2008) (table decision). In 2009, Hayes filed his timely rule 3.850 motion.
In ground one of his motion, Hayes alleged that his counsel was ineffective for abandoning the defense of insanity when counsel was aware that Hayes had a significant history of mental illness and when counsel had originally intended to assert the insanity defense at trial. Hayes acknowledged that counsel was honoring Hayes’ own decision to abandon the defense, but Hayes argued that counsel was unreasonable in doing so.
The postconviction court summarily denied this claim, concluding that it was refuted by the record indicating that it was Hayes’ decision to abandon the defense of insanity. The transcript of the trial indicates that when the trial court questioned Hayes regarding his decision to not testify, the State asked the trial court to address on the record strategic decisions made by Hayes and his counsel. Trial counsel stated that at an earlier court proceeding a week before trial, Hayes chose to forego the insanity defense and to instead plead not guilty. The trial court then addressed Hayes personally, and Hayes confirmed that there was nothing that trial counsel had failed to do that Hayes wished him to do and that Hayes was satisfied with counsel’s services.
We disagree that Hayes’ claim of ineffectiveness is refuted by the record. The record confirms that counsel stated that he was honoring Hayes’ decision to abandon the insanity defense, but the record does not demonstrate that counsel had thoroughly discussed the decision to abandon the defense with Hayes before honoring Hayes’ choice. In other words, the record does not demonstrate that counsel’s decision to abandon the insanity defense at the direction of his client was reasonable under the circumstances of this case. Although Hayes was declared competent to proceed, he had previously been declared incompetent. And counsel had filed a no *74 tice of intent to pursue the insanity defense and did not abandon the defense until a week before trial. In addition, it appears from the facts of the case that an insanity defense was likely Hayes’ only viable defense. See Cabrera v. State, 766 So.2d 1131, 1134 (Fla. 2d DCA 2000) (holding that counsel was ineffective for failing to assert an entrapment defense that was legally available and where there was no other viable defense to present).
In Florida v. Nixon, 543 U.S. 175, 178, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004), the Supreme Court held that “when a defendant, informed by counsel, neither consents nor objects to the course counsel describes as the most promising means to [protect the defendant at trial], counsel is not automatically barred from pursuing that course.” We recognize that, in this case, there is some evidence that Hayes objected to the defense that counsel intended to assert. But in light of Hayes’ history of mental illness, the evidence against him, and his fragile mental state prior to trial, it is not clear that counsel’s decision to honor Hayes’ objection was reasonable. Therefore, the postconviction court erred in summarily denying this claim. Accordingly, we reverse the denial of this claim and remand for the postcon-viction court to hold an evidentiary hearing to determine whether counsel’s abandonment of the insanity defense was reasonable under the specific facts of this case.
Affirmed in part; reversed in part; and remanded.
ALTENBERND, KELLY, and MORRIS, JJ., Concur.