# Third District Court of Appeal

## State of Florida

Opinion filed January 13, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1855
Lower Tribunal No. 81-26663
_____


**Joel McFarlane,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Joel McFarlane, in proper person.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.


Before FERNANDEZ, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Joel McFarlane appeals an order denying post-conviction relief under Florida Rule of Criminal Procedure 3.850 following an evidentiary hearing. McFarlane, convicted of (1) sexual battery with a deadly weapon and (2) battery as a lesser included offense, was sentenced to life imprisonment. Because the trial court correctly determined McFarlane failed to show ineffective assistance of counsel, we affirm.

## I.  BACKGROUND

The crimes for which McFarlane was convicted were perpetrated in 1981. McFarlane was arrested in 2013 after a DNA hit from the victim's rape kit identified him as the perpetrator. Represented by court-appointed trial counsel, McFarlane was found guilty of (1) sexual battery with a deadly weapon and (2) battery as a lesser included offense. He was sentenced to life imprisonment. On direct appeal, this Court affirmed McFarlane's conviction in a per curiam opinion. McFarlane v. State, 184 So. 3d 534 (Fla. 3d DCA 2016).

In February of 2018, McFarlane filed a pro-se motion under Florida Rule of Criminal Procedure 3.850. He argued ineffective assistance of counsel on numerous grounds: failure to provide an expert witness, failure to give a jury instruction regarding spoliation of DNA evidence, and the selection of a prejudiced jury. In July of 2019, after obtaining private counsel, McFarlane amended the motion. In

adopting and incorporating the initial motion, the amended motion set forth no additional grounds purporting to establish ineffective assistance of counsel.

In August of 2019, the trial court conducted an evidentiary hearing on the motion. McFarlane's trial counsel testified at the hearing consistent with an affidavit she had provided prior to the hearing. The State's serologist who had testified at McFarlane's trial also testified. After the evidentiary hearing, the trial court entered a five-page order denying McFarlane's motion. McFarlane timely appealed.[1]

## II.    ANALYSIS

When the trial court denies a 3.850 motion alleging ineffective assistance of counsel after it holds an evidentiary hearing, a mixed standard of review applies. Wickham v. State, 124 So. 3d 841, 858 (Fla. 2013). Questions of fact are reviewed for competent and substantial evidence, while questions of law are reviewed de novo. Id.

### a.  Ineffective Assistance of Counsel Claims

To demonstrate ineffective assistance of counsel, McFarlane must show that (1) counsel's performance was so deficient that he or she did not provide the representation guaranteed by the Sixth Amendment and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687

---

[1] Thereafter, McFarlane's privately obtained counsel moved to withdraw. This Court granted that motion and denied McFarlane's motion for appointment of appellate counsel.

(1984). To satisfy the deficient performance prong, McFarlane "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The prejudice prong requires McFarlane to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

McFarlane claims his trial counsel's failure to call an expert witness to testify about the sperm taken from the victim's rape kit constituted ineffective assistance of counsel. We disagree. At trial, the State introduced expert testimony regarding the sperm that was collected from the victim's rape kit. Some of this testimony came through the DNA analyst, Ms. Saveedra. McFarlane's counsel conferred with Saveedra and with another expert, Dr. Renee Herrera. McFarlane did not call Dr. Herrera as a witness.

At the hearing below, McFarlane's trial counsel testified that she considered calling Dr. Herrera but made a "strategic decision" against it. After interviewing Dr. Herrera, McFarlane's counsel declined to call Dr. Herrera because his testimony "would have been that the DNA matched McFarlane's." Accordingly, instead of disputing McFarlane's identity, the defense developed a theory of the case that "his semen was there as a result of consensual sex and someone else committed the crime[.]"

4

"[S]trategic or tactical decisions by trial counsel" are very rarely grounds for ineffective assistance of counsel claims. See Robinson v. State, 913 So. 2d 514, 524 (Fla. 2005) (quoting Kenon v. State, 855 So. 2d 654, 656 (Fla. 1st DCA 2003)). The Florida Supreme Court has "consistently held that a trial counsel's decision to not call certain witnesses to testify at trial can be reasonable trial strategy." Johnston v. State, 63 So. 3d 730, 741 (Fla. 2011) (quoting Everett v. State, 54 So. 3d 464, 474 (Fla. 2010)); see also Anderson v. State, 18 So. 3d 501, 509 (Fla. 2009) ("[T]rial counsel's 'strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct.'" (quoting Occhicone v. State, 768 So. 2d 1037, 1048 (Fla. 2000))).

Here, McFarlane's trial counsel's decision to not call Dr. Herrera was a reasonable trial strategy. Counsel interviewed Dr. Herrera, presented Dr. Herrera with the pertinent case information, and made the "strategic decision" not to call him after learning Dr. Herrera's opinion would have been detrimental to McFarlane's case. As such, counsel's decision to not call Dr. Herrera did not constitute ineffective assistance of counsel.

McFarlane also argued ineffective assistance of counsel due to the failure to receive a ruling from the trial court during McFarlane's trial regarding the motion to provide the jury an instruction explaining spoliation of evidence. In fact, trial

5

counsel *did* obtain a ruling on this motion: it was adverse to McFarlane. The trial court expressly stated, "I have decided not to give the spoliation instruction." Immediately after the trial court's ruling, McFarlane moved to strike "the DNA evidence and all testimony with regard to the DNA evidence." Trial counsel further ensured a copy of the proposed spoliation instruction was in the record to preserve the issue for appeal.

As a result of trial counsel's preservation of issues relating to the DNA evidence, McFarlane contested the admissibility of the DNA evidence in his direct appeal by alleging deficiencies within the chain of custody. However, McFarlane did not raise the spoliation jury instruction issue on direct appeal. See Johnson v. State, 3 So. 3d 412, 414 (Fla. 3d DCA 2009) ("A claim of trial court error generally can be raised on direct appeal but not in a rule 3.850 motion, and a claim of ineffectiveness generally can be raised in a rule 3.850 motion but not on direct appeal." (quoting Bruno v. State, 807 So. 2d 55, 63 (Fla. 2001))). McFarlane cannot now claim trial court error regarding the alleged failure to render a ruling on the spoliation instruction, as this issue was not raised on direct appeal. In recognizing this fact during the evidentiary hearing, the trial court correctly rejected McFarlane's allegations of error.

Finally, McFarlane claims ineffective assistance of counsel because trial counsel failed to seat a jury consisting of his "contemporaries," which would have

6

been "an eclectic group of males ages 40 to 65 years old and democrats (liberals)." This argument fails because "defendants are not entitled to a particular jury composition[.]" Gordon v. State, 704 So. 2d 107, 111 (Fla. 1997) (quoting Taylor v. Louisiana, 419 U.S. 522, 538 (1975)).

### b. Prosecutorial Misconduct at the Hearing Below

In addition, McFarlane alleges prosecutorial misconduct *at the evidentiary hearing below*. McFarlane asserts the prosecutor's mischaracterization of the DNA evidence as "ten plus non-motile sperm cells" constituted a "misguided, Machiavellian attempt [of] misdirection." Because this alleged misconduct was not raised in the 3.850 motion, it is not properly before this Court.[2]

### c. The Trial Court's Denial of Funds to Retain an Expert

Finally, McFarlane argues he was entitled to receive funds from the Justice Administrative Commission to retain an expert to testify regarding the DNA evidence. McFarlane claims the trial court's denial "was predicated on prosecutor's disingenuous allegation of 10 plus fabrication sperm cells." It was not. The record

---

[2] Additionally, the record conclusively shows the prosecutor fairly characterized the evidence. First, McFarlane's own defense counsel stated in closing: "Now, you recall that Detective Ross who got that rape treatment kit from Doctor Allen, the first thing he said was in that kit was ten non-motile sperms." Second, Saavedra's testimony at the evidentiary hearing below also reflected: "The documentation from the Rape Treatment Center indicated that there were ten-plus non-motile sperm."

plainly shows that the prosecutor did not mischaracterize any evidence at the evidentiary hearing below.

Furthermore, "[f]unds . . . of this state . . . may not be used, directly or indirectly, in appellate or collateral proceedings unless the use is constitutionally or statutorily mandated." § 924.051(9), Fla. Stat. (2020). Additionally, the trial judge has discretion in awarding funds for an indigent defendant to retain an expert. See Kelley v. State, 569 So. 2d 754, 756 (Fla. 1990); see also Mann v. State, 937 So. 2d 722, 727 (Fla. 3d DCA 2006) ("There is, however, no statutory entitlement to representation in collateral relief proceedings for defendants not under a sentence of death.").

Here, the trial court denied McFarlane's attempt to receive $4,000 to retain an expert because the court found "I don't have any literature anywhere . . . that suggests that the defendant's position would be supported by any expert anywhere." We can find no abuse its discretion.

## IV. CONCLUSION

For the reasons explained, we affirm the trial court's order denying McFarlane's motion for post-conviction relief.

Affirmed.