559 So.2d 450 (1990)
Frankie Lee WARD, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1897.
District Court of Appeal of Florida, First District.
April 12, 1990.
Jeffrey P. Whitton, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Asst. Atty. Gen., and Dave Sutton, Certified Legal Intern, Tallahassee, for appellee.
SHIVERS, Chief Judge.
Appellant, Frankie Lee Ward, appeals the trial court's denial of his motion for mistrial. We reverse, and remand for a new trial.
Ward was charged in the instant case with aggravated assault, alleged to have occurred when he pulled a pistol out of his pants and threatened to kill the victim. During direct examination of the victim, the prosecutor asked how long she had known appellant prior to the evening of the alleged assault. The victim replied, "I don't know how long it was. It was right after  he was already in prison and it was after he got out." Defense counsel then asked to approach the bench, and the trial court immediately stated:
I will deny your motion. Just disregard that statement... . That wasn't responsive *451 to any question. Don't pay any attention to that. Just answer the question. Don't talk about anybody's prior record. You can't talk about that.
In State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), the supreme court defined the harmless error test as requiring the State to prove that there was no reasonable possibility that the error contributed to the conviction. The court found application of the harmless error test to require the appellate court to closely examine both the permissible evidence on which the jury could have legitimately relied, and the impermissible evidence which might have improperly influenced the jury verdict. As the court reiterated in State v. Lee, 531 So.2d 133 (Fla. 1988), the DiGuilio harmless error test is not one where the appellate court substitutes itself for the jury and determines if the evidence of guilt is sufficient based on the permissible evidence. Instead, the appellate court's function is to determine what effect the impermissible evidence had on the trier of fact.
Under the circumstances of the instant case, we find that the State has failed to bear its burden of establishing that the erroneous statement made by the victim was harmless beyond a reasonable doubt. An examination of the permissible evidence presented in this case reveals the testimony of four witnesses (two for the defense and two for the State), each of whom contradicted the other three in numerous respects with regard to whether and how the alleged assault took place. As a result of the weakness of the evidence as a whole, we find that there exists at least a "reasonable possibility" that the impermissible statement made by the victim improperly influenced the jury's verdict.
Accordingly, we reverse and remand for new trial.
WIGGINTON, J., concurs.
BARFIELD, J., concurs, with opinion.
BARFIELD, Judge, concurring.
I concur in the result reached in this case because I believe the trial judge abused his discretion in not granting the renewed motion for mistrial at the close of all the evidence. I make this distinction because it was entirely appropriate for the trial judge to allow the trial to proceed when the unsolicited comment was originally made. It is only in hindsight that the trial judge could evaluate the potential effect on the jury of the improper comment. Had there not been such conflict in the testimony of the witnesses, I would consider the comment of the witness to have been harmless.