584 So.2d 89 (1991)
Raymond Jeffrey McGuire, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1660.
District Court of Appeal of Florida, Fifth District.
July 25, 1991.
Rehearing Denied September 5, 1991.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
Raymond Jeffrey McGuire timely appeals his conviction for first degree murder, attempted first degree murder with a firearm, and robbery with a firearm. The only issue on appeal is whether defendant was entitled to a mistrial because, during cross-examination, a witness for the state blurted out that the defendant had been "doing time in Georgia" and that "he was on a fifteen year sentence up in Georgia." The Georgia conviction was unrelated to the current charges.
We agree that the admission of this testimony was reversible error. § 90.404(2)(a), Fla. Stat. (1990). Here, even though the trial judge denied the motion for mistrial, he found a curative instruction would not have alleviated the harm done by the comment. The error was not invited by defense counsel, as the state argues. Cf. Ferguson v. State, 417 So.2d 639 (Fla. 1982). As the result of the clear conflict in testimony of the witnesses present, we find there exists at least a "reasonable possibility" that the impermissible statement made by the witness improperly influenced the jury's verdict. See Ward v. State, 559 So.2d 450 (Fla. 1st DCA 1990).
*90 REVERSED and REMANDED for a new trial.
GOSHORN, C.J., and PETERSON, J., concur.