HAZOURI, J.
Appellant, Brian Mathis (Mathis), appeals his convictions for three counts of sexual battery upon a child. Mathis raises two points on appeal and we reverse based upon a prejudicial comment that indicated Mathis had previously been incarcerated.
Mathis and Iris Sands (Sands) had two children together, B.M. and T.M. (the victim). On October 18, 1996, Sands brought the victim and B.M. to the Days Inn hotel where Mathis resided for a weekend visit. The first night the children were with Mathis, he allegedly picked up the victim *1122 by her stomach and placed her on his bed.[1] After placing the victim on the bed, Mathis purportedly pulled down her underwear and licked her vagina. The victim told Mathis to stop and he complied.
On the second night the children spent with Mathis, the victim went to sleep on Mathis’s bed because it was unoccupied and B.M. was rolling around in his sleep. After falling asleep, the victim awoke because Mathis allegedly placed his finger in the victim’s vagina and put his penis in her rectum. These actions hurt the victim and when she told Mathis to stop he complied.
When Mathis returned the victim and B.M. to Sands, the victim immediately told Sands of her allegations. The victim was taken to the Sexual Assault Treatment Center and examined on October 22, 1996. The examination did not reveal any signs of abuse, such as bruises or tears.
At trial, the victim repeated the allegations against Mathis and stated her testimony was truthful.[2] In addition, the victim indicated her mother and the guardian ad litem “helped her remember” some of the things she testified to. The victim also claimed her memory was not very good on the day of trial because she did not want her father to go to prison.
During direct examination, the prosecutor asked Sands if Mathis lived with his mother continuously since 1995 and she replied “Yeah, that is where he lived. He had gotten out of prison.” The trial court denied Mathis’s motion for a mistrial but granted a curative instruction on the matter. Mathis argues the trial court abused its discretion in denying his motion for a mistrial. We agree.
We believe the First District’s decision in Ward v. State, 559 So.2d 450 (Fla. 1st DCA 1990), is on point. In Ward, the defendant was charged with aggravated assault for allegedly pulling a pistol out of his pants and threatening to kill the victim. When the prosecutor asked the victim how long she knew the defendant prior to the assault she replied “I don’t know how long it was. It was right after-he was already in prison and it was after he got out.” Id. at 450. The trial court denied the defendant’s motion for a mistrial and the First District, citing State v. DiGuilio, 491 So.2d 1129 (Fla.1986), reversed and remanded the case for a new trial because the state failed to establish that the victim’s statement was harmless beyond a reasonable doubt. See Ward, 559 So.2d at 450. Due to the dearth of physical evidence in this case and the victim’s statement that her mother and the guardian ad litem helped her remember some of the things she testified to, the state has failed to demonstrate that Sands’s improper statement, which implies a criminal propensity, was harmless beyond a reasonable doubt. Thus, we reverse and remand this case for a new trial.
Although we reverse Mathis’s convictions, we choose to address an eviden-tiary issue that may arise during the retrial of this case. In his second point on appeal, Mathis claims the trial court abused its discretion by permitting the testimony of the state’s expert witness, Dr. Dennison Reed. Mathis claims the admission of Dr. Reed’s testimony was an improper bolstering of the victim’s testimony because Dr. Reed explained the language used by the victim was “quite consistent with many seven year olds I have seen over the years in terms of terminology used.” According to Mathis, the trial court should have prohibited Dr. Reed from testifying in this case.
“The standard for review of a trial court’s decision on the admissibility of evidence is generally that wide discretion is given. Evidentiary rulings will not be disturbed unless there is a showing of an *1123 abuse of discretion.” Denny v. State, 617 So.2d 323, 325 (Fla. 4th DCA 1993) (citations omitted). Dr. Reed’s testimony in this case did not improperly bolster the victim’s testimony and the trial court did not abuse its discretion in permitting Dr. Reed to testify. See Russell v. State, 576 So.2d 389, 392 (Fla. 1st DCA 1991).
REVERSED AND REMANDED FOR A NEW TRIAL.
POLEN and KLEIN, JJ., concur.

. The victim and B.M. slept in one bed while visiting and Mathis slept in another.

. The victim was nine years old when she testified at trial and seven years old when the alleged incidents occurred.