PALMER, J.
Freddie Lee Harrison (“Harrison”) appeals his judgments and sentences which were imposed by the trial court after he was found guilty by a jury of committing the crimes of robbery (subsequent force) and aggravated battery with a deadly weapon. We affirm.
Harrison first challenges his convictions, arguing that the trial court erred in denying his motions for mistrial. Ruling on a motion for mistrial is within the sound discretion of the trial court. Power v. State, 605 So.2d 856, 861 (Fla.1992), cert. denied, 507 U.S. 1037, 113 S.Ct. 1863, 123 L.Ed.2d 483 (1993). A motion for mistrial should be granted only when it is necessary to ensure that the defendant receives a fair trial. Id.
Harrison initially moved for a mistrial when the prosecutor asked a deputy about his preparation of a photo line-up and the deputy responded as follows:
Q: OK. Did you ever do any photo lineups in this case?
A: Yes, I did. I — what I did as a part of my investigation, I ran a criminal history on Mr. Harrison which pulled up—
Q: Let’s stop right there.
Harrison argues that he was entitled to receive a mistrial at this point because this testimony implied to the jury that he had a prior criminal history. We disagree.
In Warren v. State, 443 So.2d 381 (Fla. 1st DCA 1983), the First District affirmed the trial court’s denial of a motion for mistrial after a witness stated that he knew the defendant from prison, noting:
*425 There is no indication that the prosecutor purposely elicited such a statement; indeed, it affirmatively appears that he immediately recognized its impropriety and took actions to ameliorate its prejudicial effects. As such, the most this error would seem to demand would be a curative instruction, which as noted was not requested by appellant’s counsel. We therefore conclude that reversible error has not been demonstrated.
443 So.2d at 383. Here, the prosecutor similarly, and commendably, interrupted the deputy before he could testify as to the results of his check of Harrison’s criminal history. In addition, the question asked by the prosecutor was not one which would normally elicit a statement with regard to any criminal history. As such, the trial court properly ruled within its discretion.
Harrison thereafter moved for a mistrial based upon the testimony of the security manager at Wal-Mart. When asked about his discussions with a deputy concerning his observation of Harrison getting into a car after engaging in shoplifting activities, the manager responded to a question as follows:
Q: And did you fill in the deputy on all the details you just told us?
A: Yes, I did. And he became very familiar with that vehicle at the time that I described it to him. He had explained to me that he had seen that vehicle before.
Harrison argues that he was entitled to a mistrial at this point because the statement clearly made reference to his prior contacts with law enforcement. We again disagree.
In Cole v. State, 701 So.2d 845, 853 (Fla.1997), cert. denied, 523 U.S. 1051, 118 S.Ct. 1370, 140 L.Ed.2d 519 (1998), a witness testified: “I was nosey and knew some history on K.C., so I decided to go outside and look at the tag on the car.” The Florida Supreme Court determined that such remark “was not so prejudicial as to require reversal,” and it ruled that the trial court did not abuse its discretion in denying a motion for mistrial on that basis. Id. at 853. Similarly here, the security manager’s testimony about the car, which did not reference any prior criminal history or law enforcement contact, was not so prejudicial as to require reversal.
Harrison also raises a constitutional challenge to his fifteen year sentence which was imposed pursuant to Florida’s Prison Releasee Offender Punishment Act.[1] His challenge to the constitutionality of the Prison Releasee Offender Punishment Act is rejected in light of the Florida Supreme Court’s determination that the Act is constitutional. See State v. Cotton, 769 So.2d 345 (Fla.2000).
Accordingly, we affirm Harrison’s judgments and sentences.
JUDGMENTS and SENTENCES AFFIRMED.
W. SHARP, and PETERSON, J.J., concur.

. § 775.082(8), Fla. Stat. (1997).