STEVENSON, J.
Stanley Hall was tried by jury and convicted of carjacking. At trial, Hall’s taped statement to police was played for the jury. According to Hall, there was an *1190 audible reference to his prior incarceration and such reference entitles him to reversal. We disagree and find that, under the facts of this case, any error was harmless. See Mathis v. State, 760 So.2d 1121 (Fla. 4th DCA 2000)(re-affirming the principle that a reference at trial to a prior incarceration of the defendant is subject to a harmless error analysis).
Here, the record reflects that much of the taped statement was inaudible or at least difficult to hear and neither the trial judge nor the prosecutor heard the “prison” reference during the initial playing of the tape. The defendant alone contended he heard such a reference.[1] In fact, even after the tape had been replayed for the judge so that she could hear the words, she expressed doubt as to whether the word “prison” could be understood. Further, even if one of the jurors believed they heard a reference to “prison” during the tape’s initial playing, any prejudice would have been largely eviscerated when the tape was replayed at the jury’s request and the section where the word “prison” would have been uttered had been redacted.
AFFIRMED.
POLEN and KLEIN, JJ., concur.

. Whether defense counsel initially heard the word "prison” on the tape is unclear since he merely stated that "[m]y client tells me that he heard himself on the tape say that he was in prison, so I’ll go over it with him later.”