THOMPSON, J.
Carlton Eugene Lévi, Jr., appeals his conviction for first-degree murder. We affirm.
On 6 October 2002, shots were fired outside a South Orange Blossom Trail convenience store in Orlando, Florida. A store clerk, Khalid Kholar, heard the shots and walked to the door where he saw the victim, Andrew Jackson, falling to the ground from his bicycle. He also saw Levi flee. He testified that Levi had been in the store five minutes before the shooting. Another witness, James Franklin, who was driving into the store’s parking lot, testified that he saw Levi shoot the victim and flee. He testified that he observed the entire shooting and saw Levi leave the area with a gun in his hand. Hannah Everett testified that she had dated both Levi and the victim and that Levi had threatened to kill the victim.
Detective James Russell conducted a taped interview of Levi after his arrest. At trial, to explain to the jury why the state was not offering the tape into evidence and would instead have Russell recount the interview, the prosecutor attempted to establish through Russell that the tape required heavy .editing:
Q: Okay, now this particular interview was actually recorded on video tape. Is that correct?
A: That is correct.
Q: And it lasted some length of time?
A: Around thirty minutes.
Q: All right. And is it your belief or not that there’s many portions of the tape itself that would not be relevant?
A: There was some discussion about other cases pending.
Q: .All right. So there’s — all the way through there’s subjects not relating to the case?
A: Some would be and some would be relevant to other cases.
Levi contends that the trial court should have granted his motion for a mistrial because Russell’s reference to a discussion with Levi of “other cases pending” suggested to the jury that Levi was involved in other offenses. Improper collateral crime evidence is presumptively harmful, Williams v. State, 110 So.2d 654 (Fla. *649 1959), and the inadvertent admission of such evidence can warrant a mistrial, Czubak v. State, 570 So.2d 925 (Fla.1990). However, a mistrial is appropriate only where the error is so prejudicial as to vitiate the entire trial. Hamilton v. State, 703 So.2d 1038 (Fla.1997). We conclude that the trial court was within its discretion in denying the motion for mistrial because Russell’s statement was isolated, inadvertent, and not focused upon, as in Cole v. State, 701 So.2d 845 (Fla.1997). Moreover, it is clear from the record that the state did not intentionally elicit the information from the witness. As in Warren v. State, 443 So.2d 381 (Fla. 1st DCA 1983), where a witness testified that he knew the defendant from prison, the error in the instant case would have required no more than a curative instruction, which was not requested.
AFFIRMED.
PETERSON and ORFINGER, JJ„ concur.