941 So.2d 1201 (2006)
Wendell Lee GLANCY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3848.
District Court of Appeal of Florida, Second District.
November 15, 2006.
*1202 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Wendell Lee Glancy appeals an order denying his motion for postconviction relief after an evidentiary hearing on two of six grounds. We conclude that Mr. Glancy has established that his counsel provided deficient performance as alleged in ground 4 and that he was prejudiced as a result. We therefore reverse and remand for a new trial.[1]
Mr. Glancy was convicted after a jury trial of burglary with a battery and sentenced to thirteen years in prison. When the circuit court denied Mr. Glancy's motion for postconviction relief, it attached to its order the entire trial transcript. Our record thus contains a complete account of the trial.
According to the evidence presented at trial, a man broke into the home of the victim shortly after 2 a.m. and tried to sexually assault her. She fought off the intruder, who ran away, jumping over her fence and leaving his shoes behind. The State's key witness was the victim of the burglary. She testified that Mr. Glancy lived in her neighborhood and that she knew him through his contact with her sons. Although she testified at trial that she knew Mr. Glancy was the perpetrator, on the night of the crime the police actually discovered Mr. Glancy not through the victim's identification, but by the use of a tracking dog who went from the scene of the crime to Mr. Glancy's residence. There was no other forensic evidence presented at trial that clearly linked Mr. Glancy to the crime. Specifically, the State did not present evidence to establish that the shoes that were left at the scene of the crime belonged to Mr. Glancy. Moreover, in a taped interview of Mr. Glancy that was played to the jury, Mr. Glancy described a potential motive the victim may have had for blaming him for the crime.[2]
During the trial, Mr. Glancy's counsel asked only minimal questions of the jurors during voir dire and then failed to follow up when potential jurors answered in a manner that suggested possible bias; she *1203 waived opening statement; she elicited bad character evidence regarding Mr. Glancy and did nothing to try to remedy the damage; she made no defensive motions; she presented testimony that was harmful to Mr. Glancy's case; and she made a short and perhaps even damaging closing argument. One or two of these shortcomings individually might be attributed to a strategy that was not patently unreasonable. However, the decision to elicit damaging character evidence against Mr. Glancy, and to thereafter take no action to remedy the disclosure, so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. See Cabrera v. State, 766 So.2d 1131, 1133 (Fla. 2d DCA 2000) (quoting Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
Specifically, during cross-examination of the victim, counsel for Mr. Glancy asked, "Why didn't you like Mr. Glancy?" To which the victim replied, "He gave my children pot. He gave my children booze. Um, he gave them cigarettes. And he was well over the age of 18, and my children were only 14 at that time." Counsel simply continued her cross-examination. Thereafter, counsel elicited testimony that the doors through which the perpetrator entered were broken into before. Counsel asked the victim, "Who broke into them before?" The victim replied, "I believe [Mr. Glancy]. Exactly the week before my attack." Counsel pursued this line of questioning, and the victim proceeded to explain that for two years someone had been breaking into her home, stealing her underwear, and leaving dirty magazines behind. The implication, of course, was that this unknown perpetrator was Mr. Glancy.
Undeterred by the responses of the victim, counsel for Mr. Glancy pursued a similar tactic in the cross-examination of the victim's son. This allowed the son to explain that his mother did not like Mr. Glancy because he had been "in and out of prison."
This type of evidence, commonly referred to as Williams[3] rule or "bad character" evidence, has been described as "inherently prejudicial." See, e.g., Acevedo v. State, 787 So.2d 127, 130 (Fla. 3d DCA 2001). Trial counsel's decision in this case to permit this evidence repeatedly during her own cross-examination of not one, but two State witnesses, and to take no action to try to alleviate the damage, was "outside the wide range of professionally competent assistance." See Strickland, 466 U.S. at 690, 104 S.Ct. 2052.
Although a trial counsel's decision to elicit or to fail to exclude such evidence may not always result in the type of prejudice that is necessary to merit the granting of postconviction relief and the setting aside of a final judgment, here we conclude that Mr. Glancy has established that he was prejudiced by counsel's action and is entitled to a new trial. There is a reasonable probability that but for counsel's unprofessional errors the result of Mr. Glancy's proceeding would have been different. See Cabrera, 766 So.2d at 1134 (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). We therefore reverse the order denying the motion for postconviction relief and remand with directions to provide Mr. Glancy a new trial.
Affirmed in part, reversed in part, and remanded with directions.
CASANUEVA and STRINGER, JJ., Concur.
NOTES
[1] We note that the circuit court properly denied grounds 2, 5, and 6. As to grounds 1 and 3, which were summarily denied, we would have required an evidentiary hearing on these issues except for the relief granted on ground 4. Ground 1 involved the failure to call potential alibi witnesses. Ground 3 involved a failure to present evidence that Mr. Glancy had filed a claim of grand theft auto against the victim's son the day before this event.
[2] The failure of counsel to further develop the evidence surrounding that motive formed the basis of ground 3 of Mr. Glancy's motion, which was summarily denied. Our reversal on ground 4 renders the propriety of the court's decision on ground 3 moot.
[3] Williams v. State, 110 So.2d 654 (Fla.1959).