SAWAYA, J.
 

 We review an order denying a motion for postconviction relief filed by Raymond Goforth pursuant to rule 3.850, Florida Rules of Criminal Procedure. The motion contained fifteen grounds alleging ineffective assistance of counsel. Two were denied after an evidentiary hearing, and the remainder were summarily denied. Of the numerous assertions of error raised by Goforth,
 
 [1]
 
 we believe that only one warrants reversal and remand for an eviden-tiary hearing. That error concerns the trial court’s summary denial of Goforth’s claim of ineffective assistance of trial counsel based on counsel’s failure to move for a mistrial when a State’s witness unexpectedly presented testimony to the jury that Goforth had recently been released from prison.
 

 The record reveals that prior to his current criminal entanglements, Goforth was no stranger to the criminal justice system, having previously served time in prison. The underlying offenses that have led Go-forth to his present postconviction filings— burglary of a dwelling, grand theft of electronic equipment, and grand theft of a motorcycle — were apparently committed a very short time after Goforth was released from confinement. The case proceeded to trial, where an individual named Edward Sloan testified for the defense. He told the jury that he and Goforth’s brother-in-law, John Towner, had committed all three charged offenses. Sloan explained that he was admitting his actions because he did not want to see an innocent man convicted. After the defense rested, the prosecutor called John Towner’s father, Thomas Towner, to testify as a rebuttal witness.
 
 *788
 
 Thomas Towner testified that about a week and a half after Goforth got out of jail, a man came by the house looking for his motorcycle. Goforth talked to the man and then came into the house where he told Thomas Towner that he had been speaking with the man from whom he had obtained the motorcycle. Thomas Towner described Goforth as “upset.” Goforth’s counsel then cross-examined Towner as to why Goforth was upset, and Towner explained that Goforth
 

 had just gotten out of prison and was working and trying to go straight and this is what he got for it. It’s kind of like he got a complex. You know, he felt like he had been done in or something, you know.
 

 Q. Because he didn’t know the bike was stolen when the guy gave it to him?
 

 A. Right. And he hadn’t done nothing, but here he was a good chance of going back to jail or something, jmu know—
 

 Q. Thank you.
 

 A. —for something he didn’t do.
 

 Goforth alleges that this was the last testimony the jury heard. His trial counsel did not seek a curative instruction or ask for a mistrial.
 

 The trial concluded, a judgment of acquittal was granted as to the count charging grand theft of the electronics, and the jury found Goforth guilty as charged of the burglary and grand theft of the motorcycle. His direct appeal resulted in a per curiam affirmance.
 
 Goforth v. State,
 
 905 So.2d 146 (Fla. 5th DCA 2005). Goforth filed the instant Amended Motion for Post-Conviction Relief wherein he claims that his trial counsel rendered ineffective assistance when he failed to move for a mistrial after the improper testimony was presented to the jury. The trial court summarily denied this claim.
 

 To prove a claim of ineffective assistance of counsel, the defendant must establish that: (1) “counsel’s performance was deficient” in that “counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment”; and (2) “the deficient performance ¡prejudiced the defense” because “counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.”
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The standard of appellate review when an appellate court reviews a summary denial of a rule 3.850 claim requires that “the claims must be either facially invalid or conclusively refuted by the record. Further, where no evidentiary hearing is held below, we must accept the defendant’s factual allegations to the extent they are not refuted by the record.”
 
 Peede v. State,
 
 748 So.2d 253, 257 (Fla.1999) (citations omitted).
 

 It is clear that the revelation of Go-forth’s prison sentence was unexpected and unintended, and the parties do not contend otherwise. The decision in
 
 Czubak v. State,
 
 570 So.2d 925 (Fla.1990), is analogous, with the only distinguishing feature being that, unlike the instant case, defense counsel in
 
 Czubak
 
 did move for a mistrial, albeit unsuccessfully. The court in
 
 Czubak
 
 explained:
 

 On cross-examination defense counsel was attempting, with some difficulty, to elicit from Schultz whether she suspected that Czubak killed Peterson before Detective Pierce suggested it to her. Counsel could not have anticipated that Schultz would respond by stating that Czubak was an escaped convict. The response was volunteered and totally irrelevant to the question posed.*
 

 * We reject the state’s argument that Czubak was required to ask for a curative instruction. A curative in
 
 *789
 
 struction would not have overcome the error here.
 

 The state claims that Schultz’s testimony was harmless error. We do not agree. Erroneous admission of collateral crimes evidence is presumptively harmful.
 
 Castro [v. State],
 
 547 So.2d [111] 116 [ (Fla.1989) ];
 
 Straight v. State,
 
 397 So.2d 903, 908 (Fla.),
 
 cert. denied,
 
 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981). Error is harmless only “if it can be said beyond a reasonable doubt that the verdict could not have been affected by the error.”
 
 Ciccarelli v. State,
 
 531 So.2d 129, 132 (Fla.1988). In view of the fact that the case against
 
 Czubak
 
 was largely circumstantial, we cannot say beyond a reasonable doubt that the verdict was not affected by the revelation that he was an escaped convict. Accordingly, we reverse and remand for a new trial.
 

 Id.
 
 at 928. Similarly, in
 
 McGuire v. State,
 
 584 So.2d 89, 89 (Fla. 5th DCA 1991), we explained:
 

 The only issue on appeal is whether defendant was entitled to a mistrial because, during cross-examination, a witness for the state blurted out that the defendant had been “doing time in Georgia” and that “he was on a fifteen year sentence up in Georgia.” The Georgia conviction was unrelated to the current charges.
 

 We agree that the admission of this testimony was reversible error. § 90.404(2)(a), Fla. Stat. (1990).
 

 Id.
 
 at 89;
 
 see also Glancy v. State,
 
 941 So.2d 1201, 1203 (Fla. 2d DCA 2006);
 
 Jackson v. State,
 
 627 So.2d 70, 70-71 (Fla. 5th DCA 1993);
 
 Ward v. State,
 
 559 So.2d 450 (Fla. 1st DCA 1990).
 

 Here, the jury learned that Goforth was a convicted felon who had just been released from prison and thus had a propensity to commit bad acts. Goforth claims that the failure to cure this error by moving for a mistrial constitutes deficient performance by his trial counsel that deprived him of a fair trial. Goforth asks for an evidentiary hearing to resolve this claim. The State asserts that Goforth’s counsel made “a reasonable strategic decision” not to attempt to remedy the harm presented by this testimony. Certainly, the failure to move for a mistrial may constitute a reasonable trial tactic that does not justify a finding of ineffective assistance of counsel.
 
 See Suggs v. State,
 
 923 So.2d 419 (Fla.2005) (upholding trial court’s conclusion after evidentiary hearing that failure to move for mistrial was reasonable trial strategy);
 
 Gorby v. State,
 
 819 So.2d 664, 678 (Fla.2002) (“Reasoned trial tactics do not amount to ineffective assistance of counsel.”);
 
 Anderson v. State,
 
 467 So.2d 781, 787 (Fla. 3d DCA 1985) (“In addition, counsel must weigh whether a mistrial at this point would be in the client’s best interests given his assessment of the likelihood of an acquittal.”);
 
 see also Peterka v. State,
 
 890 So.2d 219, 233 (Fla.2004) (“ ‘Whether to object is a matter of trial tactics which are left to the discretion of the attorney so long as his performance is within the range of what is expected of reasonably competent counsel.’ ”) (quoting
 
 Stevens v. State,
 
 552 So.2d 1082, 1084 (Fla.1989));
 
 Brown v. State,
 
 846 So.2d 1114, 1122 (Fla.2003);
 
 Kenon v. State,
 
 855 So.2d 654, 656 (Fla. 1st DCA 2003) (“Absent extraordinary circumstances, strategic or tactical decisions by trial counsel are not grounds for ineffective assistance of counsel claims.”),
 
 review denied,
 
 868 So.2d 523 (Fla.2004).
 

 We do not know why Goforth’s trial counsel did not move for a mistrial because the trial court did not conduct an eviden-tiary hearing, and the record attachments provided by the trial court do not adequately refute Goforth’s claim. Perhaps it
 
 *790
 
 was a tactical decision not to seek a mistrial because a witness actually confessed to the crimes Goforth was charged with committing and counsel did not want to jeopardize a trial he thought would likely result in an acquittal. On the other hand, counsel may have failed to appreciate the impact such testimony would have on the jury. We conclude, based on the circumstances of the instant case, that Goforth has raised a meritorious claim that requires an evidentiary hearing to resolve.
 
 See
 
 Fla. R.App. P. 9.141(b)(2)(D) (“On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.”);
 
 Ford v. State,
 
 825 So.2d 358 (Fla.2002);
 
 Hamilton v. State,
 
 860 So.2d 1028, 1029 (Fla. 5th DCA 2003).
 

 Accordingly, we reverse the trial court’s summary denial of this claim and remand for an evidentiary hearing. We affirm as to the other issues raised by Goforth.
 

 REVERSED and REMANDED.
 

 ORFINGER, J., concurs.
 

 LAWSON, J., dissents without opinion.
 

 [1]
 

 . Goforth argues that: (1) the court erred by denying his request for counsel to represent him at the hearing on his rule 3.850 motion; (2) the court erred in denying him relief on the two claims raised at the evidentiary hearing; and (3) the court erred by summarily denying relief on grounds V, VIII, and IX. The error we address in this opinion is designated ground number IX in Goforth's motion.