# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

———————————————

STATE OF FLORIDA,

Appellant/Cross-Appellee,

v.

TYREE JENKINS,

Appellee/Cross-Appellant.

No. 2D2022-3623

———————————————

June 12, 2024

Appeal from the Circuit Court for Hillsborough County; Barbara Twine Thomas, Judge.

Ashley Moody, Attorney General, Tallahassee, and David Campbell, Assistant Attorney General, Tampa, for Appellant/Cross-Appellee.

Howard L. Dimmig, II, Public Defender, and Deana K. Marshall, Special Assistant Public Defender, Bartow, for Appellee/Cross-Appellant.

BLACK, Judge.

The State appeals and Tyree Jenkins cross-appeals from an order granting in part and denying in part postconviction relief.[1]  We reverse

---

[1] The State timely filed a notice of appeal from the postconviction court's order granting in part Jenkins' motion filed pursuant to Florida Rule of Criminal Procedure 3.850.  *See* § 924.066(2), Fla. Stat. (2022)

the order insofar as it granted Jenkins relief and vacated Jenkins' convictions and sentences for first-degree murder and armed robbery. We affirm the order without comment in all other respects.

In 2010, Jenkins was found guilty following a jury trial of first-degree murder with a firearm and armed robbery. He was sentenced to life in prison on each count with a twenty-five-year minimum mandatory term. He then pleaded guilty to felon in possession of a firearm. Jenkins' convictions and sentences were affirmed on appeal. *Jenkins v. State*, 90 So. 3d 286 (Fla. 2d DCA 2012) (table decision).

Jenkins timely filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which he was permitted to amend after several extensions of time. The postconviction court ordered an evidentiary hearing on multiple claims and summarily denied others. As relevant to the State's appeal, the court granted claim three of the amended motion following the evidentiary hearing and entered an order vacating Jenkins' murder and armed robbery convictions and sentences and setting a status hearing.

In claim three, Jenkins alleged that his trial counsel provided ineffective assistance when counsel failed to object and move for a mistrial after a witness testified that Jenkins had previously been in prison. In his motion, Jenkins provided an excerpt of testimony wherein the witness was asked about Jenkins' hairstyles for identification purposes and the witness responded: "Dreads before, he had little twists before. When he came home from prison he had a short haircut." Jenkins also included an excerpt from a sidebar that followed the

("Either the state or a prisoner in custody may obtain review in the next higher state court of a trial court's adverse ruling granting or denying collateral relief."); Fla. R. App. P. 9.140(c)(1)(J).

testimony. Jenkins' trial counsel neither objected to the testimony nor moved for mistrial. At the sidebar, one prosecutor noted for the record that the witness had been advised with defense counsel present to "steer clear" of prison references. Another prosecutor stated that it sounded like the witness had said "when I came out of prison." Defense counsel stated: "Quite frankly I didn't barely pick it up. I'm sure [the jury] didn't either. I'm not that concerned." In his motion, Jenkins argued that had counsel moved for a mistrial, it would have been granted because of the prejudicial testimony.

At the evidentiary hearing, Jenkins testified that during trial he had whispered to counsel that the jury had heard the witness's testimony. He also testified that conflicting identification testimony made the witness's testimony important and that if his attorney had moved for a mistrial, it would have been granted because Jenkins did not testify at trial and the jury would not have otherwise known about his time in prison.

Jenkins' trial counsel also testified at the hearing. He testified that he had not heard the witness's statement about prison and that the witness had not been speaking loudly or clearly. Counsel reiterated what the trial transcript reflected: the trial court had not heard the statement about prison and one of the prosecutors thought the witness had said "when I came out of prison." Counsel further testified that even in hindsight he was unlikely to have moved for mistrial had he heard the testimony. He believed that the defense had made headway with its misidentification defense and in cross-examinations, that the alibi witnesses were "intact and ready to go," and that a mistrial would not have benefited Jenkins.

3

In granting Jenkins' motion on this claim, the postconviction court found that counsel's decision not to object and move for a mistrial was not reasonable and that counsel's deficiency prejudiced Jenkins because a mistrial would have been granted had a motion been made. In reaching the latter determination, the court focused on the fact that the witness's testimony violated a pretrial ruling on Jenkins' motion in limine to preclude evidence of his prior record.

On review of a postconviction court's order following an evidentiary hearing, we apply a mixed standard of review "by giving deference to the [postconviction] court's factual findings, provided they are supported by competent, substantial evidence, while conducting an independent de novo review of its legal conclusions." *State v. Miller*, 323 So. 3d 842, 845 (Fla. 5th DCA 2021). "The appellate court defers to the postconviction court's findings of fact to the extent they are supported by competent, substantial evidence, but independently reviews the court's legal conclusions as to the alleged ineffectiveness of the defendant's counsel and the resulting prejudice under the standard outlined in *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]." *State v. Ling*, 212 So. 3d 530, 532 (Fla. 1st DCA 2017) (citing *Stephens v. State*, 748 So. 2d 1028, 1031-34 (Fla. 1999)).

> When assessing alleged deficiency, a court must determine whether the identified acts or omissions were outside the wide range of professionally competent assistance. *Johnston* [*v. State*, 70 So. 3d 472, 477 (Fla. 2011)]. There is a strong presumption that counsel's actions were reasonable. *Id.* " '[S]trategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct.' " *Id.* ([c]itation omitted). "[C]ourts should make 'every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to

4

evaluate the conduct from counsel's perspective at the time.' " *Pennington v. State*, 34 So. 3d 151, 155 (Fla. 1st DCA 2010) (quoting *Evans v. State*, 975 So. 2d 1035, 1043 (Fla. 2007)). The defendant " 'must establish that no competent counsel would have taken the action that his counsel did take.' " *Putman v. Head*, 268 F.3d 1223, 1243-44 (11th Cir. 2001) (citation omitted).

*State v. Plummer*, 228 So. 3d 661, 666 (Fla. 1st DCA 2017) (second and fourth alterations in original). If "a defendant fails to establish one prong of the *Strickland* analysis, it is unnecessary to examine whether the other prong has been established." *Jefferson v. State*, 351 So. 3d 266, 269 (Fla. 2d DCA 2022).

Upon review of the postconviction court's order, it is apparent that the postconviction court did not evaluate counsel's conduct from counsel's perspective at trial. The court stated that "although there is no way to know with certainty whether the jurors clearly heard [the witness] say 'when [Jenkins] came home from prison,' the [c]ourt must rely on the trial transcript, which does reflect that statement," despite the transcript also reflecting that defense counsel stated that he was "sure" that the jury did not "pick it up." Given that the transcript reflects that the court and at least one of the attorneys did not hear the problematic testimony and that counsel testified at the postconviction hearing that he believed moving for a mistrial would have been a disservice to his client because the trial had been going well, Jenkins failed to establish that no competent counsel would have proceeded with the case rather than move for mistrial. *See, e.g.*, *Goforth v. State*, 15 So. 3d 786, 789 (Fla. 5th DCA 2009) ("Certainly, the failure to move for a mistrial may constitute a reasonable trial tactic that does not justify a finding of ineffective assistance of counsel.").

5

"When a defendant moves for a mistrial based on the improper admission of collateral crime evidence, the motion is addressed to the sound discretion of the trial court." *Williams v. State*, 692 So. 2d 1014, 1015 (Fla. 4th DCA 1997) (citing *Salvatore v. State*, 366 So. 2d 745, 750 (Fla. 1978)). And while "evidence of prior criminal activity is presumptively harmful, an isolated or stray reference to a defendant's prior incarceration is considered in context of the trial and does not necessarily result in a mistrial." *Jackson v. State*, 213 So. 3d 754, 775 (Fla. 2017) (citation omitted). In this case, had trial counsel moved for a mistrial, it is not apparent that the court would have granted it. The witness's statement was "isolated, inadvertent, and not focused upon," and "it is clear from the record that the [S]tate did not intentionally elicit the information from the witness" and that not everyone heard the witness's statement. *See Levi v. State*, 867 So. 2d 647, 649 (Fla. 5th DCA 2004).

We cannot say that trial counsel's decision was unreasonable or that no competent trial attorney would have made the decision that counsel made here. *See State v. Bush*, 292 So. 3d 18, 23 (Fla. 5th DCA 2020). The postconviction court erred in finding that counsel performed deficiently. Accordingly, we reverse that part of the order granting Jenkins relief.

Because we find no error in the postconviction court's denial of the remaining claims as raised on cross-appeal by Jenkins, we remand with instructions that his convictions and sentences for first-degree murder and armed robbery be reinstated.

Affirmed in part, reversed in part, and remanded.

ROTHSTEIN-YOUAKIM and ATKINSON, JJ., Concur.

6

Opinion subject to revision prior to official publication.